UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| KAYDEE N. SHORT and<br>CHADWICK C. SHORT, husband and wife, | * * * | CIV. 07-4155 |
| Plaintiffs, | * * | |
| -vs- | * * | OPINION AND ORDER<br>RE: MOTION TO COMPEL |
| LARRY WOMACK, M.D.,<br>individually and d/b/a Vision Correction<br>Centers; and STEVEN J. FERGUSON, O.D.,<br>individually and d/b/a Vision Correction<br>Centers and d/b/a Dunes Eye Consultants, | * * * * * | |
| Defendants. | * * | |

Pending is plaintiffs' motion to compel defendant Ferguson to produce documents pursuant to their Requests for Production 14, 15, 16, & 17 (Doc. 43).

## BACKGROUND

Plaintiffs allege that defendant Womack is an ophthalmologist licensed to practice medicine in South Dakota and that defendant Ferguson is an optometrist licensed to practice optometry in South Dakota. Plaintiffs allege that each defendant is liable to plaintiffs jointly and severally for Dr. Womack's medical negligence while performing eye surgery on Kaydee Short and for Dr. Ferguson's medical negligence while performing follow-up care for Kaydee Short. Plaintiffs also allege deceptive trade practices on the part of defendants in violation of SDCL 37-24-1 & 6, SDCL

53-4-4 through 6, and SDCL 20-10-2.[1]  (Doc. 1).  Plaintiffs filed their motion to compel (Doc. 43) supported with an affidavit from counsel, but did not simultaneously file a supporting brief as required by Local Rule 7.2 and did not certify the parties had met and conferred to try to resolve the dispute before the motion to compel was filed as is required by Local Rule 37.1.  Plaintiffs certified under LR 37.1 "that . . . good faith efforts via written correspondence and electronic mail" have been made to resolve the discovery dispute.[2]  Plaintiffs assert Ferguson's response to the motion to compel is untimely.  Plaintiffs argue Ferguson does not have legal authority to assert his cross claim for indemnity or contribution against Womack.  SDCL 37-11-5.

Defendant Ferguson acknowledges that he is an optometrist and provided optometric services to Kaydee Short.  He denies that he was negligent, that he engaged in any deceptive trade practices, and denies doing business as Vision Corrections Centers at any time material to plaintiffs' allegations.  Ferguson cross claimed against Womack for indemnity or alternatively for a determination of the relative percentages of fault and contribution between joint tortfeasors. (Docs. 7 & 29).  Ferguson asserts the motion to compel is untimely, was not supported by a brief, that the plaintiffs failed to meet and confer before filing the motion to compel. On the merits Ferguson asserts that as an independent contractor, by definition he had no financial interest in Vision Correction Centers and by definition his "d/b/a Dunes Eye Consultants" is not a separate entity in which there could be a financial interest.

---

[1]SDCL 53-4 relates to fraud in contracts.  SDCL 20-10 relates to the tort of deceit. Because consideration of these two statutory concepts separately from the deceptive trade practices discussion is not necessary and because there are not separately alleged causes of action for breach of contract or for the tort of deceit, SDCL 53-4 and SDCL 20-10 are not addressed.

[2]Local Rule 37.1 requires either an in person or telephone meeting to attempt to resolve the differences through an informal conference.

Defendant Womack d/b/a Vision Correction Centers acknowledges that he is an ophthalmologist who treated Kaydee Short, but denies medical negligence and all other claims against him. Womack denies that Ferguson is entitled to indemnity or to contribution. (Docs. 13 & 30). Womack has filed a motion for partial summary judgment (Doc. 39). The target of the motion is the claim for deceptive trade practices, fraud and deceit (Doc. 40). Womack is not directly involved in this discovery dispute.

Ferguson has filed a motion for summary judgment. (Doc. 44). In his supporting brief the lawsuit is characterized as a "rather straightforward malpractice claim . . . complicated/obfuscated by an additional claim of deceptive trade practice, along with fraud and deceit." (Doc. 45, p. 1). Ferguson acknowledges in his brief that he determined Kaydee Short was a suitable candidate for eye surgery and provided her with options. He was not present during the surgery. There is no dispute the surgery occurred in 2005. In 2007, Ferguson "purchased the name Vision Correction Centers." (Doc. 45, p. 3).

Shorts' summary of the background is:

Plaintiffs Kaydee and Chad Short filed their Complaint on October 17, 2007 (Doc. 1) containing causes of action against Dr. Womack and Dr. Ferguson, individually and doing business as Vision Correction Centers in the case of Dr. Womack, and individually and doing business as Vision Correction Centers and Dunes Eye Consultants, in the case of Dr. Ferguson. Claims are made against Dr. Womack and Dr. Ferguson, jointly and severally, for medical malpractice, deceptive trade practices, and fraud and deceit. Plaintiff Chad Short has a cause of action for loss of consortium. Jurisdiction is based upon diversity of citizenship under 28 U.S.C. § 1332. Dr. Ferguson filed his Separate Answer on November 7, 2007. (Doc. 7). Dr. Womack filed a Separate Answer on December 21, 2007. (Doc. 13). On November 17, 2008, Dr. Ferguson filed a Crossclaim against Dr. Womack. (Doc. 29). Dr. Ferguson's Crossclaim requests complete indemnification from Dr. Womack as to any damages that may be awarded to Plaintiffs, and in the event indemnification is denied, that the relative degrees of fault be determined between Ferguson and Womack and that Ferguson be awarded contribution from Womack. (Doc. 29).

3

(Doc. 58, p. 2). Plaintiffs allege business relationships among Womack, Ferguson, Paul Ehlen, and various business entities owned by one or more of them separately and jointly. Ehlen owned the LASIK surgery equipment. There were informal and contractual arrangements between Ehlen and Womack and Womack and Ferguson. Plaintiffs also allege a past business relationship between Womack and Dr. Vance Thompson. (Doc. 58, pp. 3-5).

**ANALYSIS**

Request For Production 14 is for all documents that contain, refer to, or reflect Ferguson's ownership, investment, or financial interest in Vision Correction Centers or Dunes Eye Consultants. Ferguson's response was that he had no ownership interest, investment interest, or financial interest in Vision Correction Centers. He objected to furnishing documents about Dunes Eye Consultants stating there is no dispute that he was the sole owner. Beyond that response, Ferguson asserts his financial information is not relevant.

Request For Production 15 is for all documents that contain, refer to, or reflect Ferguson's or Womack's ownership, investment, or financial interest in Vision Correction Centers or Dunes Eye Consultants regardless of the date. Ferguson's response refers to the response to Request For Production 14. Additionally, Ferguson objects that information after December, 2007, is not relevant.

Request For Production 16 is for all documents that contain, refer to, or reflect the nature of the entity and the ownership of Vision Correction Centers or Dunes Eye Consultants, regardless of the date. Ferguson's response refers to the objection and response Request For Production 15.

Request For Production 17 is for all documents that contain, refer to, or reflect the terms and conditions of any agreement between Ferguson and Womack, regardless of date. Ferguson responded "none."

4

The thrust of the disputed discovery is Ferguson's financial connections to Womack, Vision Correction Centers and Dunes Eye Clinic. A defendant's financial information is generally not relevant or discoverable in a state law tort case absent a punitive damage claim, and then only after a determination by the court that the punitive damage claim justifies discovery about the defendant's finances. SDCL 21-1-4.1. Here there is no punitive damage claim raised in the medical negligence allegations. There is a punitive damage claim in the deceptive trade practice allegations (Doc. 1, ¶ 39). There has not been a determination under SDCL 21-1-4.1 that discovery about the punitive damage claim can be pursued. Plaintiffs assert they need the financial information because of the claims for joint and several liability (vicarious liability) against Ferguson for the negligence of Womack. This subject springs from plaintiffs' allegations of deceptive trade practices, fraud and deceit under SDCL 37-24-1 & 6, SDCL 53-4-4 through 6, and SDCL 20-10-2.

The deceptive trade practices statute historically related to an avoidance period for installment credit purchase or lease resulting from direct solicitation and door-to-door sales. (SDCL 37-24- 3 through 5, Repealed, and SDCL 37-24 -5.1 through 5.7). SDCL 37-24-6 makes it a Class 2 misdemeanor to do any of the acts defined in subsections (1) through (13) of the statute. SDCL 37-24-7 requires that all actions "brought pursuant to this chapter shall relate exclusively to practices declared to be unlawful by § 37-24-6." Plaintiffs have not in their complaint or in their reply brief identified under which of the 13 subsections of SDCL 37-24-6 their claims arise. Rather, plaintiffs have identified subsections of the definition section (SDCL 37-24-1) which they assert give rise to their deceptive trade practice claim. None of the thirteen subsections of SDCL 37-24-6 applies to the claims in this case. To illustrate - subsection (2) applies to advertisements about price reductions; subsection (3) applies to sales of merchandise at reduced rates due to the cessation of

5

business; subsection (4) applies to offering rebates or discounts in consideration for giving the names of prospective purchasers; subsection (5) applies to engaging in a scheme or plan to distribute merchandise whereby a participant pays for the chance to receive compensation; subsection (6) applies to sending unordered property or services or billing for them; subsections (7) through (10) relate to hotels, motels, campsites, or other lodging accommodations; subsection (11) applies to listing on the internet or in the telephone directory a business address the misrepresents where the business is actually located; subsection (12) applies to discounts from pharmacies for prescription drug purchases; and subsection (13) applies to the inclusion of "ADV:" as the first four characters of any unsolicited commercial e-mail message. Subsection (1) comes the closest of the subsections to plaintiffs' allegations. Subsection (1) applies to willful deceptive acts or false promises or the concealment of any material fact in connection with the sale or advertisement any merchandise. It is a stretch to use statutes intended to protect consumers from door-to-door sales persons to doctors who do not even make house calls. Subsection (1) does not apply because plaintiffs' deceptive trade practices claims are not stand alone claims, i.e. but for the alleged eye injury which occurred during surgery there would be no allegations of deceptive trade practices.[3] This lawsuit is, as the defense

---

[3] See plaintiffs' complaint (Doc. 1), Count 2, the deceptive trade practices count, in which "[p]laintiffs restate and reallege each and every matter and thing contained in the above and foregoing paragraphs and incorporate them into this and each of the following counts as if fully set forth herein and, in addition, Plaintiffs allege [.]" The specifically alleged deceptive acts and practices are: (1) that Womack is the region's most experienced LASIK surgeon; (2) that Vance Thompson charges $8,000 and defendants charge $2,900 for the same LASIK procedures; (3) representations that defendants results are outstanding and that 99% of their patients see optimumly and can pass the vison portion of a driver's test; (4) that Ferguson experienced over 22,000 clinic encounters with patients having Lasik or other refractive surgery during the last five years; and (5) that no other laser center approaches defendants' combination of excellence and care at an affordable price. It is alleged that plaintiffs relied upon these acts and practices before, during, and after the LASIK procedures on October 18, 2005.

has asserted, a medical malpractice claim. Plaintiffs' lawsuit against the doctors does not relate exclusively to practices declared to be unlawful by § 37-24-6. As such, by South Dakota statute it is not a lawsuit which can be a deceptive trade practices lawsuit. SDCL 37-24-7. Therefore, the use of deceptive trade practices allegations to secure financial information which could not otherwise be discovered is not justified. The motion to compel production of documents about Ferguson's financial information in Requests For Production 14, 15, 16, and 17 is DENIED. Also, separate and independent from there having been no SDCL 21-1-4 hearing, plaintiffs' punitive damage allegation under the deceptive trade practices claim does not justify their right to discover Ferguson's financial information. Punitive damages cannot be recovered under South Dakota's deceptive trade practices act:

> In reviewing statutes passed by our legislature, we must presume the legislature meant what it said. Accordingly, we find that by its enactment of SDCL 37-24-31 the legislature has foreclosed the recovery of punitive damages to any person claiming to have been adversely affected by a deceptive act or practice.

*Wyman v. Terry Schulte Chevrolet, Inc.,* 584 N.W.2d 103, 107 (SD 1998). *Wyman* was cited by Judge Schreier for the same proposition in another case from this District. *Sheesley v. The Cessna Aircraft Co.,* 2006 WL 1084103, *28 (D.S.D. 2006).

The motion is also denied because the parties did not meet and confer to resolve the discovery dispute before the motion to compel was filed. Plaintiffs certified they met and conferred through "good faith efforts via written correspondence and electronic mail." E-mail and correspondence are not enough. Usually e-mail and correspondence are exchanged to position and posture so that the e-mails and correspondence can be submitted to the court in the dispute to come. E-mail and correspondence usually do not resolve discovery disputes as effectively as a direct conversation between the lawyers.

The motion is not decided on the basis of the plaintiffs' failure to file a brief together with their motion as is required by local rule. The motion is not decided on the basis of untimeliness which was asserted by each side against the other.

Finally, the responses to the Requests for Production are appropriate responses which do not justify a motion to compel. Regarding Request For Production 14, Ferguson responded that he had no ownership, investment, or financial interest in Vision Correction Centers. He stated he is sole owner of Dunes Eye Consultants. Those are direct responses to Request For Production 14. If the responses are not complete, honest or consistent with other evidence, then Ferguson will have to explain them to the jury.

Regarding Request For Production 15, Ferguson responded as he did in response to Request For Production 14. As to Ferguson himself that response is appropriate. As to Womack, Ferguson said that he, Ferguson, is the sole owner of Dunes Eye Consultants and that he, Ferguson, has no ownership, investment, or financial interest in Vison Correction Centers. That adequately reveals Ferguson's status regarding both entities. Disclosure of documents which would reveal additional financial information is not appropriate (1) pursuant to SDCL 21-1-4.1; (2) for the reasons explained earlier regarding the deceptive trade practices claims, and (3) because the legislature by its enactment of SDCL 37-24-31 has foreclosed the recovery of punitive damages to any person claiming to have been adversely affected by a deceptive act or practice.

Regarding Request For Production 16, Ferguson responded by referring to his response to Request For Production 15. His response to Request For Production 15 has been determined adequate. This response to Request For Production 16 is also adequate.

Regarding Request For Production 17 Ferguson responded "none." That is a direct response to Request For Production 17. If the response is not complete, honest or consistent with other evidence, then the Ferguson will have to explain to the jury.

# ORDER

It is ORDERED that plaintiffs' motion to compel (Doc. 43) is DENIED.

Dated January 5, 2010.

                                                  BY THE COURT:

                                                  s/John E. Simko
                                                  _____
                                                  John E. Simko
                                                  United States Magistrate Judge